IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARVIN RANDLE CARNES** | : | |
| 4907 Blackfoot Road | : | |
| College Park, MD 20740 | : | |
| | : | |
| *Plaintiff,* | : | Civil Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| **PRINCE GEORGE'S COUNTY MARYLAND** | : | |
| Wayne K. Curry Administrative Building | : | |
| 1301 McCormick Drive, Suite 4000 | : | |
| Largo, MD 20774 | : | |
| | : | |
| **Serve: Rhonda L. Weaver, County Attorney** | : | |
| 1301 McCormick Drive, Suite 4100 | : | |
| Largo, MD 20774 | : | |
| | : | |
| and | : | |
| | : | |
| **PRINCE GEORGE'S COUNTY POLICE DEP.** | : | |
| 7600 Barlowe Road | : | |
| Landover, MD 20785 | : | |
| | : | |
| **Serve: Malik Aziz, Chief of Police** | : | |
| 7600 Barlowe Road | : | |
| Landover, MD 20785 | : | |
| | : | |
| and | : | |
| | : | |
| **UNNAMED JOHN DOE OFFICERS** | : | |
| 7600 Barlowe Road | : | |
| Landover, MD 20785 | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Marvin Randle Carnes, by and through undersigned counsel, Wole O. Falodun, brings this action against the Defendants – Prince George's County Maryland, Prince George's

County Police Department, (*hereinafter,* "PGPD"), and currently unnamed John Doe Officers, and alleges the following:

## INTRODUCTION

1. On or about March 28, 2021, between 7:00 p.m. and 8:30 p.m., Plaintiff was at the Residence Inn located at 6320 Golden Triangle Drive, Greenbelt, Prince George's County, Maryland.

2. While at the Residence Inn, Plaintiff, who was a guest there, was approached by plain-clothed officers of the PGPD. The officers asked Plaintiff if he was staying in a particular room, to which Plaintiff advised that he was not. Plaintiff told the officers he was staying in a different room and walked away.

3. Within seconds of walking away from the plain-clothed officers, Plaintiff was brutally attacked by Defendant Unnamed John Doe Officers.

4. During the attack, Plaintiff was tased, kicked, and punched repeatedly.

5. The attack resulted in injuries to Plaintiff's eye, face, hands, and other parts of his body.

6. The attack ceased only after Plaintiff was placed in handcuffs.

7. Plaintiff was not taken to a police station or charged with a crime because Defendant Unnamed John Doe Officers arrested the wrong person. Plaintiff was not the intended target of Defendant PGPD and Defendant Unnamed John Doe Officers.

8. In August 2021, the Prince George's County Police Department instituted a Use of Force General Order with a stated policy which states that –

> "Under no circumstances may the use of physical force be more than that which is necessary to achieve a lawful purpose. Officers are permitted to use only the amount of force that is objectively reasonable and necessary to protect themselves or others from

what is reasonably believed to be a threat of death or bodily harm, to effectuate an arrest, or gain compliance with a lawful order.

*See Prince George's County Police Department General Order Manual,* Volume II, Chapter 58 – Use of Force.

9. At no point did Plaintiff possess, brandish, point, hold a weapon or present a danger to the Defendant Unnamed John Doe Officers prior or during his unlawful arrest that was initiated by the Defendant Unnamed John Doe Officers.

10. Plaintiff brings federal constitutional and common law claims against all named and unnamed Defendants for committing acts under color of law that deprived him of his rights under the Constitution and the laws of the State of Maryland by using unlawful force against him, when he posed no threat of serious bodily harm or death to any law enforcement officer or others when Defendant Unnamed John Doe Officers of the PGPD orchestrated an interaction with him which, ultimately, created an unreasonable risk of harm to Plaintiff. Further, Plaintiff brings state law claims of Battery, Assault, False Imprisonment and False Arrest against all Defendants.

**JURISDICTION AND VENUE**

11. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. 1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. § 1367(a).

12. The Plaintiff brings this action to redress the deprivation of rights secured to him by the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983, and other rights secured him by law.

13. Prince George's County, Maryland, was provided with notice of Plaintiff's claims pursuant to Md. Code Ann. Courts and Judicial Proceedings Article 5-304 within 180 days of

3

Plaintiff's injuries. Prince George's County had actual and/or constructive notice of the injuries and/or defects or circumstances giving rise to Plaintiff's harm.

14. Venue is proper in the District of Maryland because this is where the Defendants reside, where the Defendants are employed, and where the events complained of occurred.

**PARTIES**

15. Marvin Randle Carnes, the Plaintiff, was unlawfully arrested and assaulted by members of the Prince George's County Police Department on or about March 28, 2021.

16. Defendant Unnamed John Doe Officers, who are sued in their individual and official capacities, are now, and at all relevant times, were officers of the Prince George's County Police Department.

17. At all times relevant to this action, the Defendant Individual Officers were acting under the color of law under their authority as officers of the Prince George's County Police Department, and under color of the statutes, ordinances, regulations, policies, customs, and usage of Prince George's County, and within the scope of employment, and in furtherance of the business of the Prince George's County Police Department and Prince George's County. At all times relevant to this Complaint, Defendant Unnamed John Doe Officers' use of force was foreseeable or expected by PGPD and Prince George's County.

18. Defendant PGPD is a government agency and an agent of Defendant Prince George's County. Defendant PGPD, through its agents, servants and employees, hired, supervised, trained and retained Unnamed John Doe Officers who acted and acts as PGPD's agents, servants, and employees. PGPD, acting under color of state law, provided deliberately indifferent training and policies to Defendant Unnamed John Doe Officers. PGPD further provided deliberately indifferent supervision and discipline of Defendant Unnamed John Doe

4

Officers. Further, PGPD was deliberately indifferent in hiring Defendant Unnamed John Doe Officers and was deliberately indifferent in failing to adopt policies necessary to prevent constitutional violations to Plaintiff. PGPD's action or inaction was a moving force in, and had a direct causal link to, the harm visited upon Plaintiff.

19. Defendant, Prince George's County, (*hereinafter* "Defendant Prince George's County"), is a municipal corporation organized pursuant to the laws of the State of Maryland with the authority to sue and be sued in its corporate name. Defendant Prince George's County is the local government for the territory constituting the permanent seat of the State of Maryland. At all times relevant herein, Defendant Prince George's County, among other things, was and is responsible for the operation of the Prince George's County Police Department.

## STATEMENT OF FACTS

20. Prior to March 28, 2021, Defendant PGPD hired Defendant Unnamed John Doe Officers. PGPD failed to properly investigate the mental health and overall aptitude of Defendant Unnamed John Doe Officers and failed to properly train and supervise Defendant Unnamed John Doe Officers as it relates to the appropriate and reasonable use of force, thereby creating an unreasonable risk of harm to those with whom the Defendant Unnamed John Doe Officers might come into contact with during the course of their employment with Defendant PGPD.

21. On information and belief, there is a custom or practice in PGPD of subjecting certain arrestees to more than the minimum force which is necessary for PGPD officers to accomplish their mission despite clear PGPD policy prohibiting such a practice. These customs and/or practices are evidenced by the actions of Defendant Unnamed John Doe Officers who

assaulted and seriously injured Plaintiff when he represented no risk of death or serious bodily harm to any officers or civilians at or near the scene of his unlawful arrest.

22. Defendant Unnamed John Doe Officers acted intentionally and/or recklessly and with deliberate disregard for the constitutional and common law rights of Plaintiff, and in intentional or reckless disobedience of PGPD regulations.

23. The use of unreasonable and/or excessive force by the Defendant Unnamed John Doe Officers is subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, PGPD's General Orders pertaining to Use of Force and the Use of Force Continuum.

24. The unjustified attack on Plaintiff by the Defendant Unknown Officers was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, PGPD's General Orders pertaining to Use of Force and the Use of Force Continuum.

25. No reasonable police officer could have believed that there was a need to repeatedly tase, punch, and kick Plaintiff as he rightfully walked away from the Defendant Unnamed John Doe Officers having not committed a crime.

26. At all relevant times, the Defendant Unnamed John Doe Officers:

   a. used the resources of the PGPD;

   b. were on active duty as officers of the PGPD;

   c. acted under the authority as officers of the PGPD; and

   d. acted under the color of law, statute, ordinance, regulation custom and usage of Defendant Prince George's County.

27. Plaintiff suffered significant physical injuries and pain because of the Defendant Unnamed John Doe Officers' conduct.

## CLAIMS FOR RELIEF

### COUNT 1
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment
### (Against Unnamed John Doe Officers)

28. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

30. Plaintiff is a citizen of the United States and all of the individual Defendant Officers to this claim are persons for the purpose of 42 U.S.C. § 1983.

31. Defendant Unnamed John Doe Officers were at all times relevant hereto, acting under the color of state law and in their capacity as Prince George's County Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

32. Plaintiff did not engage in any criminal conduct.

33. Plaintiff was not a threat to the safety of the police, himself, or others.

34. On information and belief, Plaintiff did not resist arrest or evade arrest by flight.

35. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

36. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established. Indeed, the Defendant Unnamed John Doe Officers here were aware of these clearly established constitutional rights and that their actions were violative of the clearly established constitutional rights of Plaintiff.

37. Defendant Unnamed John Doe Officers' actions and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff.

38. Defendant Unnamed John Doe Officers' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendant Unnamed John Doe Officers shocks the conscience and violated Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

39. Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining him of his freedom absent any articulable suspicion or probable cause to believe that he had recently or was presently committing a crime.

40. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. Defendants did so with shocking and willful indifference to

Plaintiff's rights and in conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

41. The acts and/or omissions of Defendant Unnamed John Doe Officers were the moving force behind Plaintiff's injuries.

42. The acts and/or omissions of the Defendant Unnamed John Doe Officers as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

43. Defendant Unnamed John Doe Officers, by means of physical force and show of authority complained of herein, restrained the liberty of Plaintiff.

44. Given the circumstances, no reasonable person in Plaintiff's position would have believed themselves free to leave and he was arrested absent the necessary articulable suspicion or probable cause.

45. Defendant Unnamed John Doe Officers as government officials intentionally applied means to terminate Plaintiff's freedom of movement.

46. Defendant Unnamed John Doe Officers are not entitled to qualified immunity for the complained of conduct.

47. Defendant Unnamed John Doe Officers at all times relevant hereto were acting pursuant to Prince George's County and PGPD custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

48. As a proximate result of Defendant Unnamed John Doe Officers unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling Plaintiff to compensatory, punitive, and special damages. As a further result of Defendant Unnamed John Doe Officers unlawful conduct,

Plaintiff has incurred special damages, including medically related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him for injuries and for the violation of his constitutional and civil rights.

49. On information and belief, Plaintiff may suffer lost future earning and impaired earnings from the not yet fully ascertained sequelae of his injury.

50. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51. In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Defendants and Defendant Unnamed John Doe Officers under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard for the constitutional rights of Plaintiff.

### COUNT II
### Assault/Battery
### (Against Defendant Unknown Officers)

52. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

53. Defendant Unnamed John Doe Officers engaged in the harmful and offensive contact of Plaintiff by repeatedly tasing, kicking, and punching him.

54. The actions of the Defendant Unnamed John Doe Officers caused Plaintiff serious physical and emotional injuries.

55. Due notice under all applicable statutes has been given to the Defendants.

56. The actions of Defendant Unnamed John Doe Officers are a direct cause of the injuries described above. Plaintiff is entitled to special damages which include pain and suffering and emotional trauma.

57. The intentional and malicious actions of Defendant Unnamed John Doe Officers are the direct cause for the injuries described above. Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## COUNT III
### False Imprisonment and False Arrest
### (Against Unnamed John Doe Officers)

58. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

59. Defendant Unnamed John Doe Officers did intentionally obstruct and detain the Plaintiff, over his continual objection, when they tased him; forcefully manhandled him; repeatedly kicked and punched him; placed him in handcuffs and making him to remain handcuffed and detained even after they determined that he had not committed any criminal offense.

60. Plaintiff had not committed any criminal acts.

61. Plaintiff reasonably believed it would be dangerous for him to attempt to flee in light of the presence of numerous PGPD officers.

62. Defendants Unnamed John Doe Officers did not have probable cause to arrest the Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

63. Defendant Unnamed John Doe Officers were not justified in unlawfully and forcefully arresting the Plaintiff and depriving him of his freedom of movement.

64. Plaintiff did not consent to the aforementioned unlawful and forceful arrest and detainment.

65. The conduct of the Defendant Unnamed John Doe Officers vis-à-vis the Plaintiff, noted above, was both unlawful and unreasonable, and in violation of all relevant regulations.

66. As a direct and proximate cause of Defendant Unnamed John Doe Officers actions, Plaintiff has incurred economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care and has endured prolonged pain and suffering as a result of the bodily injuries realized as a result of the excessive force employed by the Defendant Officers.

67. Defendant Unnamed John Doe Officers should be held liable for the false detention of the Plaintiff and pay appropriate damages for the violation of his Constitutional and common law rights.

## COUNT IV
### Intentional Infliction of Emotional Distress
### (Unnamed John Doe Officers)

68. Plaintiff hereby incorporates all other paragraphs of this Compliant as if fully set forth herein.

69. Defendant Unnamed John Doe Officers assaulted and battered Plaintiff intentionally and acted with intentional and/or reckless disregard of his rights.

70. As a result of the Defendant officers' intentional and/or reckless acts, the Plaintiff suffered and continues to suffer severe emotional distress.

71. Plaintiff is therefore entitled to monetary damages to compensate him for his emotional injury.

72. Plaintiff is further entitled to an award of punitive damages to punish the Defendant Unnamed John Doe Officers for their willful and malicious and/or reckless misconduct towards him.

## COUNT V
### Respondeat Superior
### (Against Defendants PGPD and Prince George's County)

73. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

74. At all relevant times during the events described in this Complaint, Defendant Unnamed John Doe Officers were acting within the scope of their official duty as police officers of the PGPD and Prince George's County.

75. The PGPD and Prince George's County should, therefore, be held liable for the common law claims against the Defendant Unnamed John Doe Officers and pay appropriate damages to the Plaintiff.

## COUNT VI
### Maryland Declaration of Rights Article 24: Deprivation of Liberty and Property, Excessive Force
### (Plaintiff against Defendant Officers, PGPD, and Prince George's County)

76. Plaintiff incorporates and adopts each allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

77. At all times relevant to this Complaint, Defendant Unnamed John Doe Officers were acting under the color of state law as officers employed by PGPD and Prince George's County.

78. Defendants violated Plaintiff's civil rights and due process rights as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24.

79. Defendants violated Plaintiff's civil rights and due process as set forth in the Maryland State Constitution and the Declaration of Rights, including Defendants' intentional acts of misconduct, illegal detention and arrest, excessive force, and false imprisonment.

80. Defendant Unnamed John Doe Officers used excessive force when they physically attacked and tased Plaintiff.

81. The force used by the Defendant Unnamed John Doe Officers was intentional, excessive, objectively unreasonable, absent any lawful justification or excuse, unconstitutional, and unlawful in the restraint and apprehension of Plaintiff.

82. Defendant Unnamed John Doe Officers engaged in intentional acts of misconduct, including excessive force, and false imprisonment which violated Plaintiff's civil rights and due process.

83. Defendant Unnamed John Doe Officers' conduct was without legal justification and was improperly motivated by ill will and actual malice. Defendant Unnamed John Doe Officers' intended to harm Plaintiff when they, with excessive force and without probable cause, physically attacked and tased him.

84. Defendant Unnamed John Doe Officers used unreasonable and unnecessary force in the treatment of Plaintiff, thereby injuring him as alleged in violation of Plaintiff's rights to due process and to be free from excessive force as protected by Article 24 of the Maryland Declaration of Rights. Defendant Unnamed John Doe Officers' actions were without provocation and without justification and with the intent to violate the civil rights of Plaintiff, as well as his rights under Article 24 of the Maryland Declaration of Rights.

85. Plaintiff did not have the freedom to leave during the detention and unlawful arrest.

86. Defendant Unnamed John Doe Officers' conduct was objectively unreasonable in light of the facts and circumstances that confronted them.

87. Defendants PGPD and Prince George's County are vicariously liable to Plaintiff for Defendant Unnamed John Doe Officers' violations of Plaintiff's rights under Article 24 of the Maryland Declaration of Rights.

88. Defendants' actions or omissions as described herein, were intentional, wanton, willful, malicious, manifested blatant and in reckless disregard for Plaintiff's constitutionally protected rights and, as such, Plaintiff is entitled to compensatory and punitive damages from Defendants individually.

89. As a direct and proximate result of Defendants' actions or omissions identified herein, Plaintiff sustained physical, emotional, mental, and financial injuries, including but not limited to pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Plaintiff's liberty and property were deprived without the judgment of his peers or by the law of the land.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff requests that this Court:

(a) RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth Amendment to the United States Constitution and the laws of the State of Maryland:

(b) ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $10,000,000.00.

(c) ENTER JUDGMENT awarding punitive damages against the Defendant officers and other unnamed officer in an amount of $10,000,000.00.

(d) ENTER JUDGMENT awarding his costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e) GRANT the Plaintiff any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in this matter.

Respectfully Submitted,

*/s/ Wole O. Falodun*
Wole O. Falodun, Bar No. 17091
1001 L. Street S.E.
Washington, D.C. 20003
Tel: (202) 331-0793
Fax: (301) 337-7822
Email: wofalodunlaw@gmail.com